UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

05 SEP 19 PM 3:03

ELAINE L. CHAO, Secretary of Labor,
United States Department of Labor,

                    Plaintiff,                    Case No.    1:05CV06 8

v.                                                Hon.

LOCAL 951, UNITED FOOD AND
COMMERICAL WORKER INTERNATIONAL
UNION,

                    Defendant.

_____/

## COMPLAINT

Plaintiff Elaine L. Chao, Secretary of Labor, alleges as follows:

### NATURE OF THE ACTION

1.    This action is brought under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 481-484 (the "Act"), for a judgment declaring that the September 7, 2004 election conducted by Defendant Local 951 of the United Food and Commercial Workers International Union (Defendant), for the offices of President, Vice President #30 Central Region, Vice President #35 Central Region, and Vice President #40 Central Region is void, and directing the Defendant to conduct a new election for these offices, under plaintiff's supervision, and for other appropriate relief.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 29 U.S.C. § 482(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1345.

3.      Venue lies in this district pursuant to 29 U.S.C. § 482(b) and 28 U.S.C. § 1391(b).

4.      Plaintiff Elaine L. Chao is the duly appointed Secretary of Labor, United States Department of Labor.  Plaintiff is authorized to bring this action under section 402(b) of Title IV of the Act, 29 U.S.C. § 482(b).

5.      Defendant is, and at all times relevant to this action has been, an unincorporated association maintaining its principal office at 3310 Eagle Park Drive N.E., City of Grand Rapids, County of Kent, State of Michigan.

## FACTUAL ALLEGATIONS

6.      Defendant is, and at all times relevant to this action has been, a labor organization engaged in an industry affecting commerce within the meaning of sections 3(i), 3(j) and 401(b) of the Act (29 U.S.C. §§ 402(i), 402(j) and 481(b)).

7.      Defendant is, and at all times relevant to this action has been, chartered by and subordinate to the United Food and Commercial Workers International Union, hereinafter referred to as the International, an international labor organization engaged in an industry affecting commerce within the meaning of sections 3(i) and 3(j) of the Act (29 U.S.C. §§ 402(i) and 402(j)).

8.      Defendant purporting to act pursuant to its Bylaws and the International's Constitution, conducted an election on September 7, 2004, and this election was subject to the provisions of Title IV of the Act (29 U.S.C. §§ 481-484).

2

9.      By letter dated September 21, 2004, to the Defendant's General Election Chairman, the complainant, Russell Blunden, a member in good standing of the Defendant, protested the September 7, 2004 election.

10.      By letter dated September 24, 2004, to the complainant, the General Election Chairman acknowledged receipt of the complainant's protest and requested the complainant to provide additional information pertaining to his protest.

11.      By letter dated September 30, 2004, to the General Election Chairman, the complainant requested an extension of time to provide the requested information.

12.      By letter dated September 30, 2004 and email dated October 1, 2004, to the complainant, the General Election Chairman denied the request for an extension of time.

13.      By letter dated October 20, 2004, the complainant protested Defendant's September 7, 2004, election to the International President.

14.      By letter dated October 22, 2004, to the complainant, the International acknowledged receipt of the protest.

15.      By letter dated November 9, 2004, to the complainant, the General Election Chairman denied the protest.

16.      Having received no final decision within three calendar months of having invoked the remedies available to him under the International constitution, the complainant filed a timely complaint with the Department of Labor on January 20, 2005, in accordance with section 402(a)(2) of the Act, 29 U.S.C. § 482(a)(2).

17.     In a series of letters, the Defendant agreed that the time within which the Plaintiff may bring suit with respect to the Defendant's aforesaid election be extended to September 19, 2005.

18.     Pursuant to section 601 of the Act (29 U.S.C. § 521), and in accordance with section 402(b) of the Act (29 U.S.C. § 482(b)), the plaintiff investigated the complaint and, as a result of the facts shown by her investigation, found probable cause to believe that: (1) violations of Title IV of the Act (29 U.S.C. §§ 481-484) had occurred in the conduct of the Defendant's September 7, 2004 election; and (2) that such violations had not been remedied at the time of the institution of this action.

19.     Defendant, in the conduct of the aforesaid election, violated section 401(b) of the Act's ballot secrecy provision and 401 (c) of the Act's adequate safeguards provision, 29 U.S.C. §§ 481(b) and (c), when members voted their ballots in the open, in the presence of union officials and other members.

20.     Defendant, in the conduct of the aforesaid election, violated the anti-discrimination clause of section 401(c) of the Act, 29 U.S.C. § 481(c), by discriminating in favor of the incumbent candidates and against the insurgent candidates with respect to the use of a list of members.

21.     Defendant, in the conduct of the aforesaid election violated the adequate safeguards provision of section 401(c), 29 U.S.C. § 481(c):

(a)     by allowing Defendant's union stewards and union representatives to distribute blank ballots to and collect voted ballots from members at worksites:

4

(b)    by failing to have a procedure in place to permit Defendant to account for the 234 unused ballots that Defendant failed to retain; and

(c)    by failing to have a procedure in place to ensure that only the names of those members who requested replacement ballots were recorded on the ballot replacement request list and that replacement ballots were sent only to those members who requested them.

22.    Defendant, in the conduct of the aforesaid election, violated section 401(e) of the Act, 29 U.S.C. § 481(e), by failing to preserve all election records for one year.

23.    Defendant, in the conduct of the aforesaid election, violated section 401(e) of the Act, 29 U.S.C. § 481(e), and 401(c), 29 U.S.C. §481(c), by denying eligible members the right to vote in the Defendant's 2004 election.

24.    Defendant, in the conduct of the aforesaid election, violated section 401(g) of the Act, 29 U.S.C. § 481(g), by using union resources to promote the incumbent slate.

25.    Defendant, in the conduct of the aforesaid election, violated section 401(g) of the Act, 29 U.S.C. § 481(g), by using employer resources to promote the incumbent slate.

26.    The violations of sections 401(b), 401(c), 401(e), and 401(g) of the Act (29 U.S.C. §§ 481(b), 481(c), 481(e), and 481(g)) may have affected the outcome of the Defendant's election for the offices of President, Vice President #30 Central Region, Vice President #35 Central Region, and Vice President #40 Central Region.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment:

(a)    declaring the Defendant's election for the offices of President, Vice President #30

Central Region, Vice President #35 Central Region, and Vice President #40 Central Region, null and void;

     (b)    directing the Defendant to conduct a new election for these offices under the supervision of the plaintiff;

     (c)    for the costs of this action; and

     (d)    for such other relief as may be appropriate.

Respectfully submitted,

MARGARET M. CHIARA  (P32283)
United States Attorney

Dated:  September 19, 2005

RONALD M. STELLA  (P45316)
Assistant United States Attorney
Post Office Box 208
Grand Rapids,  MI  49501-0208
(616) 456-2404
Fax:  (616) 456-2510
E-mail:  ron.stella@usdoj.gov
*As Local Counsel for Plaintiff*

Dated:  September 19, 2005

LEONARD A. GROSSMAN
United States Department of Labor
Office of the Solicitor
230 S. Dearborn
Room 844
Chicago, IL  60604
(312) 353-5709
Fax:  (312) 353-5608
E-mail:  grossman-leonard@dol.gov
*As Lead Counsel for Plaintiff*

6

OF COUNSEL:

HOWARD M. RADZELY
Solicitor of Labor

KATERINE E. BISSELL
Associate Solicitor
Civil Rights and Labor-Management Division

SHARON E. HANLEY
Counsel for Labor-Management Programs
Civil Rights and Labor-Management Division

JOAN E. GESTRIN
Regional Solicitor

WILLIE B. WHITE
Attorney

U.S. Department of Labor