UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| | |
|---|---|
| ELAINE I. CHAO, Secretary of Labor, United States Department of Labor, | )<br>)<br>) |
| Plaintiff, | ) Case No. 1:05-cv-638 |
| | ) |
| v. | ) Honorable Robert Holmes Bell |
| | ) |
| LOCAL 951 UNITED FOOD AND COMMERCIAL WORKERS, | )<br>) |
| | ) **MEMORANDUM OPINION** |
| Defendant. | ) |
| | ) |

Presently pending before the court are defendant's motion to strike plaintiff's motion for summary judgment (docket # 28) and plaintiff's responsive motion to amend the case management order (docket # 30). Both motions arise from plaintiff's submission of a motion for summary judgment on August 10, 2006, well beyond the July 1, 2006 deadline established in the court's case management order.

The standard governing this dispute is provided by Rule 16(b), which provides that a deadline in a case management order may be modified upon a showing of good cause. Good cause requires a demonstration that the existing schedule "cannot reasonably be met despite the diligence of the party seeking the extension." FED. R. CIV. P. 16(b), advisory committee notes (1983); *see Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003). Plaintiff's counsel asserts that the forty-day delay in submitting plaintiff's dispositive motion was the result of counsel's oversight and his confusion of the case management order in this litigation with that of another pending case. This

explanation demonstrates carelessness, not diligence. Attorneys are expected to have reasonably reliable calendar and docketing systems that track court-imposed deadlines; such systems, whether on paper or by computer, eliminate the possibility that a busy attorney will confuse the deadlines in one case with those applicable to another. Plaintiff has not advanced any reasonable excuse for the violation of this court's scheduling order.

The Sixth Circuit has added its own gloss to the good-cause standard, instructing lower courts to consider not only the diligence of the moving party but also possible prejudice to the party opposing the modification. *See Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002). In the present case, the court does not discern any possible prejudice to defendant, who is the innocent party in this procedural dispute, that cannot be remedied by an adjustment in the case management order. The remedy of striking the motion for summary judgment on grounds of tardiness will not remove from the case the grounds asserted in plaintiff's dispositive motion. Rather, the parties may be put to the unnecessary expense and effort of presenting their proofs at trial, at which the legal issues raised in the dispositive motion will again be before the court for resolution. Consequently, although the court is sorely tempted to grant defendant's motion to strike, it would serve no useful purpose in either streamlining the case or simplifying the issues for trial. In fact, such relief would probably have the opposite effect.

In its papers, defendant seeks an opportunity to complete pending discovery before responding to plaintiff's tardy motion. The court finds that granting defendant this limited relief will eliminate any prejudice arising from plaintiff's violation of the case management order. Consequently, the court will suspend the time for defendant's response to the pending motion for

summary judgment until December 1, 2006, to allow defendant an opportunity to complete the deposition of Donato Iorio and any other pending discovery. The time for plaintiff to conduct discovery will remain closed, however.

The court will also impose sanctions against plaintiff's counsel in the amount of $300.00, in order to compensate defendant for the time and expense caused by plaintiff's violation of the court's case management order. Fed. R. Civ. P. 16(f) empowers the court to sanction a party or a party's attorney for failure to obey a scheduling order. Allowable sanctions include an order requiring the party or attorney to pay the reasonable expenses incurred because of any noncompliance with the rule. Had plaintiff's counsel brought the situation to the court's attention, thus sparing defendant the necessity to do so, perhaps sanctions would not be in order. However, plaintiff did not move to amend the case management order until August 23, 2006, almost two months after the expiration of the July 1 deadline, after defendant filed its motion to strike. Such conduct is inexcusable and sanctionable, especially where, as here, it causes the other party unnecessary expense. Finally, the court will suspend the final pretrial and trial dates without date. Plaintiff's own neglect in this matter has caused a major disruption in the schedule established by the court's case management order. The court will have insufficient time to adjudicate plaintiff's motion before the scheduled final pretrial and trial dates. As plaintiff is the party seeking relief, it is only fair that plaintiff bear the burden of delay caused by counsel's inattention. Once the motion for summary judgment has been briefed and decided, the court will establish new dates for the final pretrial conference and trial. With the imposition of sanctions and adjustment of the schedule ordered herein, the court finds that defendant will not be prejudiced by the late filing of plaintiff's motion for summary judgment. Consequently, plaintiff's motion to amend the case management

order will be granted, defendant's motion to strike will be denied, but the court will grant defendant the other relief outlined above.


Dated:   September 25, 2006              /s/  Joseph G. Scoville                              
                                         United States Magistrate Judge