UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELAINE L. CHAO, Secretary of
Labor, United States Department
of Labor,

        Plaintiff,

vs.

Case No. 01-05-CV-0638

HON. GEORGE CARAM STEEH

LOCAL 951, UNITED FOOD AND
COMMERCIAL WORKES,

        Defendant.
_____/

ORDER GRANTING DEFENDANT UNION'S
MOTION TO ALLOW SLATE VOTING [DOC. NO. 60] AND PERMITTING
THE FILING OF SUPPLEMENTAL RESPONSES [DOC. NOS. 63 AND 64]

Defendant, United Food and Commercial Workers Local 951 ("Union") has moved the Court for an order to allow slate voting in the Union's next regularly scheduled officer's election. The Court held preliminary argument on the motion, via telephone and not on the record, on June 20, 2007, and the parties have now fully briefed the issues. The Court does not believe that additional argument will aid in its understanding of the issues, and will therefore decide the motion on the briefs. For the reasons given below, defendant's motion to allow slate voting is GRANTED.

I. Court's Jurisdiction Pre-Election

Paragraph 3(c) of the Stipulation of Settlement and Order agreed to by both parties addresses the actual election process, and provides that:

> The supervised election shall be conducted in accordance with Title IV of
> the Act (29 U.S.C. § 481, et seq.) and, insofar as lawful and practicable, in

> accordance with the Bylaws of Local 951 and the Constitution of the United Food and Commercial Workers International Union and the decisions of the Secretary with regard thereto shall be final, subject to review by the Court.

The other section of the Stipulation of Settlement and Order that deals with the Court's jurisdiction, specifically the post-election period, is paragraph 5, which provides:

> The Court shall retain jurisdiction of this action, and after completion of the supervised election, Plaintiff shall certify to the court the name of the persons so elected, and that such election was conducted in accordance with Title IV of the Act, and insofar as lawful and practicable, in accordance with the provisions of the Defendant's Bylaws and the Constitution of the United Food and Commercial Workers International Union.

The grant of jurisdiction to the Court to review the Secretary's decisions during the supervised election in paragraph 3(c) was not included in the Secretary's initial draft of the Order, and was specifically requested by the Union. The Secretary agreed to the language, which is separate and apart from paragraph 5's discussion of jurisdiction in the post-election period. The parties' agreement gives the Court jurisdiction to review the Secretary's decisions during the election, including the pre-election stage.

In addition, the law in this Circuit is such that the Secretary's "primary responsibility is to aid the court in fulfilling *its* obligation to ensure that the supervised election is conducted in accordance with law". Donovan v. Westside Local 174 UAW, 738 F.2d 616, 621 (6th Cir. 1986). Therefore, the Court will review the decision of the Secretary to disallow slate voting in this case, at this pre-election stage.

II. Secretary's Decision

The Secretary gives four reasons for disallowing slate voting in this case. First, the Secretary claims that slate voting "can be confusing with regard to the number of

options available, *e.g.*, how to cast a vote for a full slate, a partial slate, or individual candidates". However, the proposed ballot instructions use language identical to that provided for in the regulation at 29 C.F.R. § 452.112, and to ballots used in other supervised elections. The Court finds that it is arbitrary and capricious for the Secretary to disallow slate voting for this reason.

Second, the Secretary points out that "[q]uestions may arise during the tally as to voter intent." As argued by the Union, issues of voter intent are present in every method of voting. The proposed ballot in this case clearly instructs the voter how to vote so as to minimize the issues of voter intent. This issue, which is not unique to slate balloting, is not a persuasive reason to disallow slate voting.

Third, the Secretary raises a "question as to whether candidates not affiliated with the incumbents will have time to organize and field a slate of candidates, especially in view of the short timeline for the upcoming election." No candidate is required to run on a slate, and the proposed instructions permit voters to vote for individual candidates or partial slates, which presumably would not take as much time to organize. In connection with this argument, the Court reminds the Secretary that Election Services Corporation advised the Secretary that it was recommending the use of slate voting at a pre-election conference on May 23, 2007. The Secretary did not advise defendant that it objected to slate voting until she was pressed for a decision by defendant's counsel on June 12. The "short timeline" referred to by the Secretary was largely created by the Secretary's own delay.

Finally, the Secretary asserts that in the past, Local 951 has not utilized slate voting. The Secretary raises the concern that the Election Notice mailed to members on

3

June 15, 2007, contains no reference to slate voting because the election process was consistent with the familiar practice of the Union.  The Secretary argues that if slate voting were to be implemented for the first time, it would be necessary to send a new notice to all members before nominations take place, in order to give all potential candidates a fair opportunity to consider and organize slates.  First, if the Secretary had made her decision known earlier, the Court could have ruled on it earlier, and the Election Notice could have referred to slate voting.  Second, as recognized by the Secretary, it is common practice in some unions for members to campaign as a slate even though formal slate voting is not used.  Such candidates, if there are any, will actually be able to put their slate on the ballot in this election.  Rather than causing prejudice, a slate ballot option may make voting easier for the members.  In this case, the Secretary has stated that there are approximately 20 vice-presidential positions specific to each region of Local 951.  Slate voting should indeed help simplify the voting process.  As noted by the court in the telephone conference with counsel earlier, virtually all voters in the United States are familiar with the mechanics of basic "slate" voting in the context of our political party system and voting in local, state, and federal elections.

III. Conclusion

The Court concludes that the decision of the Secretary to disallow slate voting in this case is arbitrary and capricious.  For the reasons stated, the Union's motion to allow slate voting is GRANTED.  The parties shall cooperate to publish a new election

notice to inform nominees and voters of the slate voting option as soon as practicable.

Dated:  July 2, 2007

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 2, 2007, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk

---