UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

**ELAINE L. CHAO**, Secretary of Labor,
United States Department of Labor,

                    Plaintiff,              Case No: 1:05-CV-0638

           v.                       Hon. George Caram Steeh
                                     United States District Judge
**LOCAL 951, UNITED FOOD AND**      Hon. Joseph G. Scoville
**COMMERCIAL WORKERS**           Magistrate Judge
**INTERNATIONAL UNION,**

                    Defendant.

## CERTIFICATION OF ELECTION

The election having been conducted in the above matter under the supervision of the Secretary of Labor, United States Department of Labor, pursuant to a Stipulation of Settlement and Order issued on May 7, 2007, and amended on June 4, 2007, in the United States District Court for the Western District of Michigan, in accordance with the provisions of Title IV of the Labor-Management Reporting and Disclosure Act of 1959 (29 U.S.C. § 481 et seq. ) and in conformity with the constitution and bylaws of the defendant labor organization, insofar as lawful and practicable, therefore:

Pursuant to Section 402(c) of the Labor-Management Reporting and Disclosure Act of 1959 (29 U.S.C § 482 (c)), and the authority delegated to me,

IT IS HEREBY CERTIFIED that the following named candidates have been duly elected to the offices designated:

                  Marvin Russow           President

                  Larry S. Radke          Secretary Treasurer

| | |
|---|---|
| Karin Hopman | Recorder |
| John T. Cakmakci | Vice President-at-Large #1 |
| Tamara Vander Ark | Vice President-at-Large #2 |
| Jacklynne Barrett | Vice President #3 |
| Jim Flowers | Vice President #4 |
| Alan James | Vice President #5 |
| Teresa R. Jones | Vice President #6 |
| Laura Kooiman | Vice President #7 |
| Becky Kulhawik | Vice President #8 |
| Victoria Likely | Vice President #9 |
| Susan K. Morpeth | Vice President #10 |
| Joseph D. Nawrot | Vice President #11 |
| Paulette Ostrom-Wasel | Vice President #12 |
| Doug Padgett | Vice President #13 |
| Shirley M. Perez | Vice President #14 |
| Todd J. Regis | Vice President #15 |
| Christine Roush | Vice President #16 |
| Johnathon L. Snyder | Vice President #17 |
| Debbie Spencer | Vice President #18 |
| Mark Timmerman | Vice President #19 |
| Taffy Vaughn | Vice President #20 |
| Betty Whitaker-Factor | Vice President #21 |
| Kristine Barry | Vice President #22 |

| | |
|---|---|
| Brandi Blatt | Vice President #23 |
| Robin Campbell | Vice President #24 |
| Brenda Decker | Vice President #25 |
| Suzanne Deloy | Vice President #26 |
| Patrick DeRosha | Vice President #27 |
| Debra L. Fall | Vice President #28 |
| Noreen Glover | Vice President #29 |
| Traci Grube | Vice President #30 |
| Carolyn Jackson | Vice President #31 |
| Julie Klavon | Vice President #32 |
| Royce Manns | Vice President #33 |
| Mike Petiet | Vice President #34 |
| Char Roberts | Vice President #35 |
| Robert Sifuentes | Vice President #36 |
| Dave Way | Vice President #37 |
| Barbara A. Welch | Vice President #38 |
| Nancy Amberg | Vice President #39 |
| Mike Blair | Vice President #40 |
| Jean Christie | Vice President #41 |
| Robert T. Coleman | Vice President #42 |
| Ronald W. Giardina | Vice President #43 |
| Bobby Fuson | Vice President #44 |
| DeAndrea Foisy | Vice President #45 |

3

| | |
|---|---|
| Morna R. Holt | Vice President #46 |
| Star Hood | Vice President #47 |
| Mike Lynn | Vice President #48 |
| Carlton McDaniel | Vice President #49 |
| Jane Patterson | Vice President #50 |
| Jamie Peacock | Vice President #51 |
| Lisa Perkins | Vice President #52 |
| Jessica Reimer | Vice President #53 |
| Robert Ricci | Vice President #54 |
| John Robinson | Vice President #55 |
| Gwendolyn Scruggs | Vice President #56 |

Attached herewith is a declaration setting forth the protests concerning violations which were alleged to have occurred in the conduct of the election and the findings of the investigation of these protests.

Signed this ___2nd___ day of ___January___, 2008.

*Patricia Fox*

Patricia Fox, Acting Chief
Division of Enforcement
Office of Labor-Management Standards
Employment Standards Administration
U.S. Department of Labor

4

<u>DECLARATION OF PATRICIA FOX</u>

I, Patricia Fox, am the Acting Chief of the Division of Enforcement, Office of Labor-Management Standards (OLMS), Employment Standards Administration, United States Department of Labor (Department). Pursuant to a Stipulation of Settlement and Order filed in the United States District Court for the Western District of Michigan Southern Division, on May 7, 2007, OLMS supervised the mail ballot election conducted by Local 951, United Food and Commercial Workers International Union, on August 3, 2007. Said election was conducted for the offices of President; Secretary Treasurer; Recorder; Vice President-at-Large #1; Vice President-at-Large #2; Vice President #3; Vice President #4; Vice President #5; Vice President #6; Vice President #7; Vice President #8; Vice President #9; Vice President #10; Vice President #11; Vice President #12; Vice President #13; Vice President #14; Vice President #15; Vice President #16; Vice President #17; Vice President #18; Vice President #19;Vice President #20; Vice President #21; Vice President #22; Vice President #23; Vice President #24; Vice President #25; Vice President #26; Vice President #27; Vice President #28; Vice President #29; Vice President #30; Vice President #31; Vice President #32; Vice President #33; Vice President #34; Vice President #35; Vice President #36; Vice President #37; Vice President #38; Vice President #39; Vice President #40; Vice President #41; Vice President #42; Vice President #43; Vice President #44; Vice President #45; Vice President #46; Vice President #47; Vice President #48; Vice President #49; Vice President #50; Vice President #51; Vice President #52; Vice President #53; Vice President #54; Vice President #55; and Vice President #56.

Prior to the completion of the supervised election, a member of Local 951 filed a pre-

election complaint with OLMS alleging that Title IV of the Labor-Management Reporting and Disclosure Act of 1959 (Act or LMRDA), 29 U.S.C. §§ 481- 484, was violated during the conduct of the election.  OLMS investigated the allegations.  As a result of this investigation, as presented herein, I find that no violation affecting the election outcome occurred.

Specifically, on July 10, 2007, Russell Blunden, the unsuccessful candidate for President, filed a pre-election complaint with OLMS alleging that a union representative made statements to employees at the Meijer's Newport Distribution Center that were critical of Blunden's candidacy.  Section 401(g) of the Act, 29 U.S.C. § 481 (g), prohibits the use of union funds or employer funds to promote the candidacy of any person in an election.  Accordingly, union officials may not campaign on time that is paid for by the union or the employer, including making statements to union members that show a preference for incumbent candidates or statements critical of opposition candidates.  During the investigation, Blunden stated that he did not witness the alleged activity but that the member who witnessed the incident could provide specific information regarding this allegation.  The witness identified stated during the investigation that the union representative made disparaging remarks to him about Blunden during a discussion regarding an unauthorized posting of Blunden's campaign literature on the union's bulletin board.  The witness was not aware of and the investigation did not disclose any other campaign activity by the union representative at the distribution center.  In any event, 365 eligible voters were employed at the Meijer's Newport Distribution Center during the supervised election, and the vote margins for the two contested offices for which such members were eligible to vote ranged from 3,168 votes to 1,033 votes.  Thus, no violation affecting the election outcome occurred.

Complainant Blunden also alleged that a union representative for Meijer Store # 55 pulled union stewards from their workstations and conducted meetings with them. Section 401(g) of the Act, 29 U.S.C. § 481 (g), prohibits union and employer financed campaigning. Section 401(g)'s proscription against such campaigning prohibits union officials from using their official union status to gain access to an employer facility to specifically campaign. Pertinent here, the investigation disclosed that the union representative had a legitimate union purpose for conducting the meetings with the union stewards. The investigation did not disclose that campaigning occurred during the meetings. The Act was not violated.

Finally, complainant Blunden alleged that a union steward made disparaging remarks about him to an employee at Meijer Store 55, while the union steward and the employee were on the work floor and that other union stewards made similar remarks to employees at the store. During the investigation, the employee corroborated that the incident on the work floor had occurred. However, the investigation disclosed that any such campaigning by other union stewards was not widespread. In any event, 217 eligible voters were employed at the Meijer Store # 55 during the supervised election, and the vote margins for the two contested offices for which such members were eligible to vote ranged from 3,168 votes to 1,033 votes. Thus, no violation affecting the election outcome occurred.

In addition, on August 6, 2007, Local 951 Election Committee Chairman Devin Senneker forwarded to OLMS five election complaints from four Local 951 members alleging that Title IV of the LMRDA was violated during the conduct of the supervised election. Four such complaints alleged the use of union funds or employer funds to assist Russell Blunden in his campaign. However, Blunden was defeated in the race for president. Thus, no violation affecting the election outcome occurred. The final complaint alleged that a union steward

3

overheard an employee at the Meijer Store make a critical remark about the union to a fellow employee who had been forced to forfeit vacation time.  This allegation would not constitute a violation of the Act, as any such remark did not relate to the impending election but was made in connection with an employee's lost of vacation time.  No violation occurred.

The Department has concluded from its investigation that Local 951's August 3, 2007 election of officers, conducted under OLMS's supervision, complied with Title IV of the Act and was conducted, insofar as lawful and practicable, in accordance with the Bylaws of Local 951 and the Constitution of the United Food and Commercial Workers International Union, AFL-CIO.  Therefore, no reason exists to overturn the results of this election.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on this _2nd_ day of _January_, 2008, in City of Washington, District of Columbia.

_Patricia Fox_

Patricia Fox, Acting Chief
Division of Enforcement,
Office of Labor-Management Standards,
Employment Standards Administration,
United States Department of Labor

4